**MICHELE M. SIMMSPARRIS**
**SIMMSPARRIS MALDONADO TEHAUNO LLP**
1444 Queen Anne Road
Teaneck, New Jersey 07666
(201) 837-0173 (Phone)
**Attorneys for Plaintiff**

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 MAY 19 A 11: 51

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE M. SIMMSPARRIS, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>)<br>COUNTRYWIDE FINANCIAL CORP. )<br>COUNTRYWIDE HOME LOANS )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 08-2434 (KSH)<br>HON._____<br><br>VERIFIED COMPLAINT<br>AND JURY DEMAND |

Plaintiff Michele M. SimmsParris by way of complaint against Countrywide Financial Corp. and Countrywide Home Loans states as follows:

**NATURE OF ACTION AND RELIEF REQUESTED**

1. This is an action brought by Michele M. SimmsParris, against Countrywide Home Loans the servicer of the mortgage held against her property located at 65 Irvington Road, Teaneck, New Jersey and its parent company, Countrywide Financial Corp. for the extensive injuries suffered by her due to the Countrywide Home Loans' breach of its obligations to Michele SimmsParris sounding in contract and in tort.

2. By virtue of the facts set forth herein, Michele SimmsParris seeks redress of her injuries under several causes of action, including defamation, false light, breach of

contract, negligence, intentional violation of the Fair Credit Reporting Act, negligent violation of the Fair Credit Reporting Act, conversion and negligent supervision.

## THE PARTIES

3. Plaintiff Michele SimmsParris is the owner of real estate located at 65 Irvington Road, Teaneck, New Jersey.

4. Defendant Countrywide Financial Corporation (hereafter "CFC") is a Delaware corporation and a publicly owned company engaged in the business of financial services. CFC is the parent company of Countrywide Home Loans.

5. Defendant Countrywide Home Loans is a New York corporation and the holder of a mortgage interest in 65 Irvington Road, Teaneck, New Jersey. Defendant Countrywide Home Loans is the service provider for the mortgage granted by Michele Parris to its predecessor in interest and assignor Countrywide Home Loans' Wholesale Lending Division dba America's Wholesale Lender.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy involves a matter guided by federal law and the Plaintiff and Defendant(s) are citizens of different States.

7. Venue lies in this District pursuant to 18 U.S.C. § 1965 (a) in that all of the Defendant(s) transact their affairs herein and pursuant to 28 U.S.C. § 1391(a), (b) and (c), in that all Defendant(s) are subject to personal jurisdiction in this district, the individual Defendant(s) maintain ongoing business contacts in this district and a substantial part of the events giving rise to Plaintiff's claims set forth below arose and occurred within this District.

## STATEMENT OF FACTS AND NATURE OF THE ACTION

8. Plaintiff and Defendant(s) are parties to a certain mortgage agreement in which Defendant(s) maintain a mortgage interest in Plaintiff's property located at 65 Irvington Road, Teaneck, New Jersey.

9. Pursuant to the agreement between the parties, in exchange for Plaintiff's periodic mortgage payments to Defendant(s), Defendant(s) to properly credit Plaintiff's account to reflect remittance of such payments.

10. In December 2007, Countrywide Home Loans timely received Plaintiff's monthly mortgage payment pursuant to the terms of Plaintiff's agreement with Defendant(s).

11. Plaintiff's mortgage payment was cashed by Countrywide Home Loans on or about December 31, 2007.

12. In January 2008, Countrywide Home Loans timely received Plaintiff's monthly mortgage payment pursuant to the terms of Plaintiff's agreement with Defendant(s).

13. Plaintiff's mortgage payment was cashed by Countrywide Home Loans on or about January 24, 2008.

14. On or about February 14, 2008 while engaged in the process of securing financing for another property owned by Plaintiff, an agent of Plaintiff's prospective lender informed Plaintiff that her application was being denied due to Defendant, Countrywide Home Loans reporting her December 2007 and January 2008 mortgage payments 60 and 30 days late respectively.

15. On or about February 14, 2008, Plaintiff contacted Defendant Countrywide Home Loans to have Defendant's erroneous reporting corrected.

16. On or about February 21, 2008 Defendant Countrywide Home Loans informed Plaintiff that the company was refusing to correct the erroneous credit reporting because according to their records Plaintiff's mortgage payments for December 2007 and January 2008 were received on February 6, 2008. Accordingly, Countrywide Home Loans informed Plaintiff that her account was reported delinquent for the months of December 2007 and January 2008 and such reporting would not be corrected.

17. Plaintiff's mortgage payments for December 2007 and January 2008 were not received by Countrywide Home Loans on February 6, 2008.

## FIRST COUNT
(Defamation)

Plaintiff incorporates paragraphs 1 thru 17 as if fully set forth herein.

18. Defendant Countrywide Homes Loans reported Plaintiff's account sixty and thirty days delinquent for the months of December 2007 and January 2008 to various credit reporting agencies.

19. Defendant's publication that Plaintiff's account was 60 and 30 days late was and is false and defamatory.

20. Defendant's defamatory publication has damaged and continues to damage Plaintiff's credit-standing and reputation to the extent that she has been denied credit specifically due to Countrywide Home Loans' erroneous reporting.

## SECOND COUNT
(False Light)

Plaintiff incorporates paragraphs 1 thru 20 as if fully set forth herein.

21. Plaintiff was placed in a false light by Defendant Countrywide Home Loans' publication that Plaintiff's account was thirty and sixty days delinquent.

22. Plaintiff has been damaged and continues to be damaged by Defendant's publication.

### THIRD COUNT
(Breach of Contract)

Plaintiff incorporates paragraphs 1 thru 22 as if fully set forth herein.

23. Pursuant to its agreement with Plaintiff, Defendant(s) had a contractual obligation to properly credit Plaintiff's account with Plaintiff's payments.

24. Defendant Countrywide Homes Loans breached its contractual obligations to Plaintiff by failing to properly and accurately credit Plaintiff's account.

25. Defendant further breached its contractual obligations to Plaintiff by failing to notify the credit bureaus to cease the publication of the false and adverse information in and on any credit reports concerning or reflecting Plaintiff's account.

26. Defendant further breached its contractual obligations to Plaintiff by failing to have the credit bureaus delete the false and adverse credit information reported by Defendant(s) concerning and incorrectly reflecting Plaintiff's account.

27. Plaintiff has been damaged and continues to be damaged by Defendant(s)' publication.

### FOURTH COUNT
(Negligence)

Plaintiff incorporates paragraphs 1 thru 27 as if fully set forth herein.

28. Defendant Countrywide Homes Loans had a duty to correctly credit Plaintiff's mortgage payments, to not report Plaintiff's account delinquent when it was

not, as well as to correct and delete its erroneous reporting of Plaintiff's account as delinquent.

29. Defendant breached its duty to Plaintiff by failing to correctly credit Plaintiff's mortgage payments to Plaintiff's account, by reporting Plaintiff's account delinquent when it was not, by failing to correct and delete its erroneous reporting of Plaintiff's account as delinquent.

30. Plaintiff has been damaged and continues to be damaged by Defendant's breach of its duty to Plaintiff.

31. Defendant's breach of its duty to Plaintiff was both the actual and proximate cause of Plaintiff's damages.

## FIFTH COUNT
(Intentional Violation of Fair Credit Reporting Act)

Plaintiff incorporates paragraphs 1 thru 31 as if fully set forth herein.

32. Defendant Countrywide Homes Loans willfully failed to comply with the requisites of the FCRA, 15 U.S.C. § 1681 s-2(b).

33. As a result Plaintiff has been damaged and continues to be damaged.

## SIXTH COUNT
(Negligent Violation of Fair Credit Reporting Act)

Plaintiff incorporates paragraphs 1 thru 33 as if fully set forth herein.

34. Defendant Countrywide Homes Loans negligently failed to comply with the requites of the FCRA, 15 U.S.C. § 1681 s-2(b).

35. As a result Plaintiff has been damaged and continues to be damaged.

## SEVENTH COUNT
(Conversion-Misappropriation of Funds)

Plaintiff incorporates paragraphs 1 thru 35 as if fully set forth herein.

36. Pursuant to the terms of Plaintiff's agreement with Defendant(s), Plaintiff issued her monthly mortgage payments for December 2007 and January 2008 to Defendant Countrywide Homes Loans.

37. During December 2007 and January 2008 Defendant failed to apply Plaintiff's mortgage payments to Plaintiff's account for December 2007 and January 2008.

38. Defendant(s) converted and misappropriated Plaintiff's mortgage payments by failing to properly apply them to her account.

39. Plaintiff has been damaged and continues to be damaged by Defendant's conduct.

### EIGHTH COUNT
(Negligent Supervision- Respondeat Superior)

Plaintiff incorporates paragraphs 1 thru 39 as if fully set forth herein.

40. Defendant Countrywide Financial Corp. had an obligation to properly supervise its subsidiary Countrywide Home Loans.

41. Defendant failed to properly supervise its subsidiary and has, amongst other malevolent acts, allowed false information regarding Plaintiff's payment history to be publicized in addition to breaching its contractual obligations to Plaintiff, converting her funds and failing to comply with the federal credit reporting statute.

42. As a result of Defendant's breach Plaintiff has been damaged and continues to be damaged.

### NINTH COUNT
(Fraud-Negligent Misrepresentation)

Plaintiff incorporates paragraphs 1 thru 42 as if fully set forth herein.

43. Pursuant to the terms of the closing documents provided by Defendant(s)' agents, Defendant(s) represented to Plaintiff that in exchange for periodic payments, Defendant(s) would properly credit Plaintiff's account.

44. In reliance on the representations made on behalf of Defendant(s) and for the benefit of the named Defendant(s) Plaintiff was induced into executing the closing documents and entered into a contractual relationship with Defendant(s).

45. Defendant(s) misrepresented their willingness to properly credit Plaintiff's account.

46. Defendant(s) breached their duty to Plaintiff by failing to properly apply Plaintiff's mortgage payments and misrepresented their willingness to properly credit Plaintiff's account.

47. As a result of Defendant(s)' breach Plaintiff has been damaged and continues to suffer damages.

**WHEREFORE, Plaintiff Michele SimmsParris prays that judgment be entered in her favor and against Defendant(s) as follows:**

a) That Defendant(s) and any of their members, associates, agents, affiliates, servants and employees, and those persons and entities in active concert or participation with them, be preliminarily and permanently enjoined from:

1. representing to any credit reporting agency, tribunal, administrative agency, or to any individual person, corporation, or any other entity that Plaintiff's mortgage payments for December 2007 and January 2008 were 60 days, 30 days and/or otherwise delinquent;

2. permitting any credit reporting agency, tribunal, administrative agency, or

to any individual person, corporation, or any other entity to communicate, relay, display, articulate, show or otherwise depict that Plaintiff's mortgage payments for December 2007 and January 2008 were 60 days, 30 days and/or otherwise delinquent.

b) That Defendant(s) be required to account for and disgorge all profits obtained as a result of their fraud and/or conversion;

c) That Defendant(s) be ordered to pay Plaintiff Michele SimmsParris compensatory and punitive damages, the cost of the suit, including attorneys' fees, and the costs of investigation and litigation, together with interest thereon; and

d) That Plaintiff Michele SimmsParris be granted such other and further legal and equitable relief as this Court deems appropriate.

Respectfully Submitted,

Michele M. Simms Parris
Attorney for Plaintiff

SimmsParris Maldonado Tehauno LLP
1444 Queen Road
Teaneck, New Jersey 07666
Tel. (201) 837-0173
Fax (201) 862-0494

Dated: 19th day of May, 2008

## JURY DEMAND

Plaintiff Michele SimmsParris demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

Respectfully Submitted,

_____
Michele M. Simms Parris
Attorney for Plaintiff

SimmsParris Maldonado Tehauno LLP
1444 Queen Road
Teaneck, New Jersey 07666
Tel. (201) 837-0173
Fax (201) 862-0494

Dated: 19th day of May, 2008