UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE M. SIMMSPARRIS : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> COUNTRYWIDE FINANCIAL CORP., : <br> and COUNTRYWIDE HOME LOANS, INC. : <br> : <br> Defendants. : | CASE NO. 08-cv-2434 <br><br> ORDER ON INFORMAL APPLICATION |

This matter having been opened to the Court by Ballard Spahr Andrews & Ingersoll, LLP, counsel for Defendants Countrywide Financial Corp. and Countrywide Home Loans, Inc. ("Defendants"), via a discovery dispute letter dated November 19, 2008, filed in compliance with the Court's October 15, 2008 Order, seeking an Order requiring Plaintiff Michele M. Simms Parris ("Plaintiff") to provide full and complete discovery responses, with corresponding documents; and

Defendants having made multiple attempts to resolve the disputes set forth in the November 19, 2008 discovery dispute letter in good faith prior to filing the letter; and

Plaintiff having not responded to Defendants' good faith efforts to resolve the disputes; and

Defendants having requested Plaintiff participate in the preparation and filing of a joint discovery dispute letter in compliance with the Court's October 15, 2008 Order; and

Plaintiff having not responded to Defendants' request to participate in the preparation and filing of a joint discovery dispute letter; and

Defendants having filed the November 19, 2008 discovery dispute letter listing in the requisite detail each issue taken with Plaintiff's responses to Defendants' Interrogatories and Request for Production of Documents; and

The Court having entered an Order on November 21, 2008 requiring Plaintiff to provide Defendants with her responses to the issues raised in Defendant's November 19, 2008 discovery dispute letter by December 1, 2008; and

Plaintiff having failed to provide said responses, or object to the entry of this and for good cause shown, it is order hereby:

**ORDERED** on this 15st day of December, 2008 that Plaintiff is required to provide to Defendants all of the information and documentation requested in the following Interrogatories and Requests for Production of Documents without objection by January 6, 2009 ~~December 4, 2008~~:

### Interrogatory 5
Identify all loans or lines of credit (including credit accounts) obtained by you prior to February 2008 from any individual or entity. Include in your answer the amount of the loan, the payment terms (including, but not limited to, the principal balance, interest rate and length of the loan) of the loan or line of credit, the date the loan or line of credit was obtained, and the individual or entity who provided the loan or line of credit.

### Interrogatory 6
Describe in detail any default or delinquency of payments for any of the loans or lines of credit identified in interrogatory 5 above. Include in your answer, the loan or line of credit, the date of the default or delinquent payment, the result of your default or delinquent payment and whether said default or delinquency was reported to any consumer reporting agency.

### Interrogatory 8
Describe in detail your proposed purchase of the New York law firm, as identified in paragraphs 4 of your certification. Include in your answer the identity of the New York law firm, their location, their practice, the number of attorneys, their revenues for 2003-2008, and how purchase of the same would expand your business as alleged in paragraph 4 of your certification.

### Interrogatory 9
Describe in detail all steps taken and efforts made to obtain financing for the purchase of

2

the New York law firm as identified in paragraph 4 of your certification. Include in your answer the identity of every broker, lender or bank contacted or contracted to obtain or try to obtain financing for the purchase of the New York law firm.

**Interrogatory 10**
Describe in detail the terms of the financing from LNB Commercial for which you were allegedly approved, as described in paragraph 2 of the "affidavit" of Brian Wilson and identified in paragraph 4 of your certification. Include in your answer the amount sought to be financed and the rate and term approved for said financing.

**Interrogatory 11**
Describe in detail LNB Commercial's alleged withdrawal of financing, as described in paragraphs 6-7 of the "affidavit" of Brian Wilson and identified in paragraph 13 of your certification. Include in your response any and all communications by or between you (note: "you" is defined to include any broker contracted by you) and LNB Commercial regarding the financing, its alleged withdrawal and the purported basis for LNB Commercial withdrawing financing.

**Interrogatory 14**
Describe in detail your attempt to obtain financing for "another property owned by [you]" as alleged in paragraph 14 of the Complaint. Include in your response the address of said property, the purpose of the financing sought, the identity of the prospective lender, the identify of the prospective lender's agent, and the result of said application.

**Interrogatory 22**
For the period of January 1, 2000 to the present, describe in detail all employment you have had or services for remuneration you have performed, including without limitation services as a consultant or independent contractor, or services performed for any business you owned.

**Interrogatory 23**
For the period of January 1, 2000 to the present, identify all property and/or money received from any source, including, but not limited to, all benefits, allowances, inheritance and gifts.

**Request 1**
All documents relating or referring to the Mortgage Loan and/or Mortgage Agreement, including, but not limited to, the application packet, Mortgage, Note and all documents provided to you at or before closing.

**Request 3**
All documents relating or referring to the contract to purchase the New York law firm identified in paragraph 4 of your certification.

3

**Request 4**
All documents relating or referring to the New York law firm identified in paragraph 4 of your certification, including, but not limited to, all documents reviewed by you in evaluating the firm to be purchased.

**Request 5**
All documents relating or referring to the accounting for SimmsParris Maldonado Tehuano LLP from 2005 through the present, including but not limited to any document relating or referring to the profitability of the firm.

**Request 6**
A copy of the contract to purchase the New York law firm identified in paragraph 4 of your certification.

**Request 7**
All documents relating or referring to your (note: "you" is defined to include any broker contracted by you) efforts to obtain or inquire about financing for the purchase of the New York law firm identified in paragraph 4 of your certification, including but not limited to all loan applications completed, prepared, and/or filed in an attempt to obtain financing as well as any response and correspondence relating to any loan application.

**Request 8**
All documents relating to LNB Commercial, the proposed LNB Commercial loan and/or the approval for financing from LNB Commercial as described in paragraphs 3 and 4 of the "affidavit" of Brian Wilson.

**Request 9**
All documents relating or referring to LNB Commercial's alleged withdrawal of their offer to provide financing as described in paragraph 6 of the "affidavit" of Brian Wilson and paragraphs 12 and 13 of your certification.

**Request 10**
All documents relating or referring to your (note: "you" is defined to include any broker contracted by you) efforts or attempts to "find another lender that would provide … financing" for the purchase of the New York law firm identified in paragraph 8 of the "affidavit" of Brian Wilson, including but not limited to all loan applications, completed, prepared, and/or filed in an attempt to obtain financing as well as any response and correspondence relating to any loan application.

**Request 11**
A copy of your credit report at the time the financing from LNB Commercial was approved and/or at the time you applied for financing for the purchase of the New York law firm as described in paragraphs 3 and 4 the "affidavit" of Brian Wilson.

**Request 12**
A copy of your credit report at the time the financing from LNB Commercial was

allegedly withdrawn as described in paragraphs 6 and 7 of the "affidavit" of Brian Wilson and paragraph 12 of your certification.

**Request 13**
A copy of your credit report at the time of answering this discovery.

**Request 15**
All documents consisting of, concerning, describing or referring to any correspondence or other communications between you and any individual or entity, to include prospective lenders, brokers and consumer reporting agencies prior to the filing of the Complaint, including, but not limited to, any and all correspondence relating or referring to the Mortgage Loan, Countrywide's reporting of information to consumer reporting agencies and all notes or memoranda reflecting or referring to any and all correspondence or communications.

**Request 16**
All documents consisting of, concerning, describing or referring to any correspondence or other communications between you and any individual or entity, to include prospective lenders, brokers and consumer reporting agencies subsequent to the filing of the Complaint, including, but not limited to, any and all correspondence relating or referring to the Mortgage Loan, Countrywide's reporting of information to consumer reporting agencies and all notes or memoranda reflecting or referring to any and all correspondence or communications.

**Request 17**
All documents consisting of, concerning, describing, relating or referring to you or your law firm acting as, being, or performing any function of a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA") and as alleged on page 2 footnote 3 of your opposition to Countrywide's Motion to Dismiss.

**Request 20**
All documents relating or referring to the process of securing, or seeking to secure, financing for "another property" owned by you as described in paragraph 14 of the Complaint, including, but not limited to, the application packet and any response thereto.

**Request 21**
All documents relating or referring to Countrywide's alleged reporting of false information as alleged in paragraphs 18-20 of the Complaint, including, but not limited to, any document relating or referring to any individual or entity who allegedly received the alleged reporting.

**Request 22**
All documents relating or referring to any damages suffered by you as a result of Countrywide's alleged reporting of false information as alleged in paragraphs 18-20 of the Complaint.

**Request 23**
All documents relating or referring to Countrywide allegedly placing you in a false light as alleged in paragraphs 21-22 of the Complaint.

**Request 24**
All documents relating or referring to any damages suffered by you as a result of Countrywide allegedly placing you in a false light as alleged in paragraphs 21-22 of the Complaint.

**Request 25**
All documents relating to referring to Countrywide allegedly breaching its contractual relationship with you as alleged in paragraphs 23-27 of the Complaint.

**Request 26**
All documents relating or referring to any damages suffered by you as a result of Countrywide allegedly breaching its contractual relationship with you as alleged in paragraphs 23-27 of the Complaint.

**Request 27**
All documents relating or referring to Countrywide allegedly breaching its alleged duty to you as alleged in paragraphs 28-31 of the Complaint.

**Request 28**
All documents relating or referring to any damages suffered by you as a result of Countrywide allegedly breaching its alleged duty to you as alleged in paragraphs 28-31 of the Complaint.

**Request 29**
All documents relating or referring to Countrywide's alleged intentional violation of the Fair Credit Reporting Act as alleged in paragraphs 32-33 of the Complaint.

**Request 30**
All documents relating or referring to any damages suffered by you as a result of Countrywide's alleged intentional violation of the Fair Credit Reporting Act as alleged in paragraphs 32-33 of the Complaint.

**Request 31**
All documents relating or referring to Countrywide's alleged negligent violation of the Fair Credit Reporting Act as alleged in paragraphs 34-35 of the Complaint.

**Request 32**
All documents relating or referring to any damages suffered by you as a result of Countrywide's alleged negligent violation of the Fair Credit Reporting Act as alleged in paragraphs 34-35 of the Complaint.

**Request 33**
All documents relating or referring to Countrywide's alleged conversion and/or misappropriation of your funds as alleged in paragraphs 36-39 of the Complaint.

**Request 34**
All documents relating or referring to any damages suffered by you as a result of Countrywide's alleged conversion and/or misappropriation of your funds as alleged in paragraphs 36-39 of the Complaint.

**Request 35**
All documents relating or referring to Countrywide Financial Corp.'s alleged failure to supervise Countrywide Home Loans, Inc. as alleged in paragraphs 40-41 of the Complaint.

**Request 36**
All documents relating or referring to any damages suffered by you as a result of Countrywide Financial Corp.'s alleged failure to supervise Countrywide Home Loans, Inc. as alleged in paragraphs 40-41 of the Complaint.

**Request 37**
All documents relating or referring to Countrywide's alleged fraudulent and/or negligent misrepresentation as alleged in paragraphs 43-47 of the Complaint.

**Request 38**
All documents relating or referring to any damages suffered by you as a result of Countrywide's alleged fraudulent and/or negligent misrepresentation as alleged in paragraphs 43-47 of the Complaint.

**Request 39**
All documents relating or referring to any representation made by Countrywide to you that you believe to have been false.

**Request 49**
All documents referring or relating to any damages you allege to have suffered and/or awards that you seek to obtain in this lawsuit.

**Request 50**
All documents referring or relating to the alleged peril of being in breach of your purchase contract, loss of money expended for preclosing and due diligence fees, loss of business opportunities, disruption of your relationship with your prospective lender and delay of the expansion of your business as alleged in paragraph 18 of your certification.

**Request 57**
All documents consisting of, concerning, describing or referring to any expert retained by you or upon whose testimony you intend to rely, including, but not limited to, expert reports, résumés or curriculum vitae and/or correspondence upon which you intend to rely on in and/or which pertain to this matter.

**Request 52**
All documents consisting of, concerning, describing or referring to any correspondence or other communications between you and any individual or entity regarding any fact or allegation of the Complaint.

**Request 53**
Any and all statements from any individual with knowledge of the facts and conclusions alleged in the Complaint.

**Request 54**
All non-privileged documents relating to or referring to the lawsuit initiated by your Complaint.

**IT IS FURTHER ORDERED** that the definitions and instructions provided with Defendants' Interrogatories and Requests for Production of Documents will apply to the Interrogatories and Requests for Production of Documents listed above;

**IT IS FURTHER ORDERED** that Plaintiff's failure to provide full and complete responses, with corresponding documentation, ~~without objection by December 4, 2008~~ will result in sanctions under Fed. R. Civ. P. 37, *et seq.* and L. Civ. R. 37.1 *et seq.*

**IT IS FURTHER ORDERED** that Counsel for Countrywide Financial, Corp. and Countrywide Home Loans, Inc. shall serve a copy of this Order via facsimile and federal express upon all counsel of record on the same day of its receipt.

_____
Patty Shwartz U.S.M.J.

9